Act. Next case for argument is 13-5042, Kingdomware Technologies v. U.S. Ms. Fletcher. May it please the Court. My name is Lauren Fletcher, and together with my partner, Amanda Major... Could you speak up just a little bit, please? Sure. I represent Kingdomware Technologies. The statutory interpretation question presented in this appeal begins and ends with the statutory language. By its own terms, the 2006 Veterans Act mandates that the VA award contracts to veteran-owned small businesses when the rule of two is satisfied. To what extent is the word mandatory truly mandatory? Do you have any case sites for us that says when Congress uses the word mandatory in a statute, then there's no ambiguity as to what actions should be taken? The cases that we cite in our opening brief at pages 29-30 are examples in which the word shall has been interpreted both by the Supreme Court and this Court to impart a mandatory obligation. And the case is cited in the American Legion's brief as well. You would agree, and if you've looked at cases that say shall or construe any singular term, they look at the context in which that term is written, correct? That's correct. And here, we're not focused just on the word shall. It's the use of the word shall to impart the mandatory obligation. But we're also looking at the use of the word shall in contrast to the use of the word may. No, I appreciate that. But the other side's argument, as you know, is if you look at the other section of the statute that suggests goals, that requires goals, and you look at part of the sentence, the sentence in its entirety that includes the word shall, you get the potential, at least I would hope you would recognize, that this shall is limited to the goals, and that the interpretation you're seeking to have us adopt would ignore those other pieces of the statute, which is also a serious no-no in statutory construction, right? Our interpretation of the word shall does not ignore other portions of the statute. And let me try to explain the interplay among the different subsections of the statute. We're focused on subsection D, which is what we say imparts the mandatory obligation. The only two exceptions identified in subsection D are at the beginning of that section, which says except as provided in subsections B and C. Subsections B and C offer alternative contracting procedures that can be followed in the contracting officer's discretion. Those are for contracts that allow for non-competitive procedures if the contract is less than $100,000, or if the threshold is between $100,000 and $5 million, the contracting officer may choose in his discretion to use a sole-source procedure. Now if neither... That's right. I think what we're pressing you on is what role do you assign to the language, quote, for purposes of meeting the goals under subsection A? That specific language identifies the goal that's to be achieved with subsection D. And if you look at subsection A... It doesn't just identify, it says for the purpose of meeting. Exactly. It doesn't just say with respect to the goals or apropos of the goals. It says for purposes of meeting. And there's no tension between a mandatory obligation and meeting these goals. Subsection A... What meaning do you give to that phrase, for purposes of meeting the goals under subsection A? What does that mean? So for purposes of meeting the goals, if we look at subsection A, it begins, in order to increase contracting opportunities for small business concerns owned and controlled by veterans. Using the subsection D and imposing a mandatory obligation, this isn't in all contracts. It's when the rule of two is satisfied. In those cases, contracts, if the rule of two is satisfied, the contract will be awarded to a veteran-owned small business, which meets subsection A. It increases contracting opportunities for veteran-owned small businesses. But it obviates the goal. If I'm understanding your argument correctly, you say essentially every contract, you have to apply the rule of two. If subsection B or D is not used, then yes, for the VA. Even if the secretary sets a goal of 72%, and we've already met the 72% by spring, your view is that he continues to have to apply the rule of two to every contract. That's correct. And it doesn't obviate. Is that even in a hypothetical circumstance where it's conceded that the goal has been met? Say you get 10 months into a fiscal year, and the secretary has a budget, and the secretary has been urging his contracting officers to let the contracts on the set aside. And then say the secretary had a goal of 20% for both the SOVs, and it turns out that that's been met. And does the secretary still have to bypass FSS even after meeting the goal? Yes. Under subsection D, the secretary would still have to award, the contracting officers would still have to award to the veteran-owned small business if the rule of two is met. The goals that are set in subsection A are floors or minimums. The procedures established So even though the secretary may be using the FSS, he may have in his FSS qualified contractors, small business women, female-owned, he may have a bunch of other small business concerns that he's trying to satisfy his statutory obligation to with his FSS procurements, right? He would be barred from doing that under your theory, even though he's already met the goal with regard to his disabled and his veterans-owned organizations. That's correct, because section D... Doesn't that seem odd to you that the secretary has a mandatory responsibility to create a goal. He creates the goal. He satisfies the goal, say, nine months into the fiscal year. And he says to himself, I've now not only satisfied, as the record shows, he's doubled. Since the enactment of 2006 statute, the secretary has far exceeded his goal in every year with regard to the veteran-owned businesses. So it seems to me a little odd that you would say, nine months into the year, he's satisfied his obligations to the veterans-owned business. He would like to try to satisfy his statutory obligation to other small businesses owned by women, other types. And so he said, well, there are a number of them that are on my FSS schedule, just as there are a number of veterans-owned business on the FSS. He'd like to have some business to them, but he'd be barred. If the rule of two was satisfied, he'd be barred. That's correct. But there certainly will be times when the rule of two is not satisfied. And in that case, the contracting officer... Well, we don't know. I mean, there may be and there may not be. Can I go back to the statute? Because I just am having a little difficulty. In the hypothetical I pose, come spring, the goal was set at 72 percent and you've met it. And the only, the shall, the hook here, what you're relying on, the shall says, for purposes of meeting the goals under subsection A, let's say there was 72 percent, they shall award contracts. Well, if we've already met the goals that he's established, you're saying that even if he's met the goals, the shall still applies to every other contract. And I'm having a hard time seeing how that is not explicitly reading out the first portion of that sentence. So give it one more try. Sure. And we're saying that it's not reading out that portion because you're still satisfying the goal, even because the goal is... No, the language says, for purposes of meeting the goal. Does it mean... After having met the goal. Well, there's nothing in the statute that says once the goal is met, the VA has to stop giving any... That's true. Nobody's suggesting that, I mean, I'm not suggesting that he would be foreclosed from doing this. But the question, what you're saying is shall means that he has no discretion that he has to. And the language says, for purposes of meeting the goals. I don't know how you could be... Well, how would you say it if you wanted to be clearer to achieve what the secretary is saying this means? If Congress wanted to say what the government's position is, there are a couple of ways it could have done it. One is it could have used may in subsection B, and that's what happened in the prior legislation. But maybe Congress didn't want may. They wanted shall. For purposes of meeting the goals, I'm in Congress and I said they've got a 15 percent goal and I want to make sure they made it. So that's the reason I'm in Congress and I picked the word shall because I want to make sure they meet that goal. So how would I ensure... Well, another way Congress could have done it would be to write in that once the goal is met, the secretary no longer shall award, but instead may award or has other options to use. Here, Congress's choice of the word shall was deliberate in contrast to subsections B and C. But don't you think for purposes, you can't have it both ways. If shall was deliberate, I'll agree with that. So was for purposes shall is tied, the requirement is tied to the purpose of meeting the goals. And even once the goal is met, the purpose is still being satisfied by increasing the award to veteran-owned small businesses. Sure, because the statute doesn't say that you shouldn't exceed the goal. Exactly. It's just a minimum. The question I have is that when we're talking about percentages or meeting a goal, isn't it the case that if it's a percentage, we're talking about contracted dollars. So midway through a year, you don't know what the contracted dollars are. You've still got half a year to go. So you don't understand whether the goal has been met or not until after all the contracted dollars are out. That's true. The value won't be known until the end of the fiscal year to know what the total value that the VA used in contracting dollars was. And so the percentage actually won't be determined until the end of the year. I mean, if you look at a half-year mark and you can see we've let forth, you know, 500 contracts and the percentage has been met, or at least half of the percentage has been met. And you can track it at a certain point, but then you can't, right? The percentage isn't based on the number of contracts, it's based on the value of the goods and services procured. That total value for the government won't be known until the end of the fiscal year. So while you may be able to make some sort of prediction... forecasting what their sales are going to be, by September, you pretty much know where you are. And besides, I mean, assume the secretary, but unlike the record we have here, which is the secretary has not only met, but heavily exceeded the goals in each of the years since 2006. If the secretary fails to meet it, the law seems to make clear that there would be an excuse for the secretary for having failed to meet a statutory obligation to meet his goal. At least under First Circuit law, cases that I've found, the district court would have the authority to fashion a remedy. And I think the issue that we're presenting here is not looking at the actual percentages of whether the goals have been met statistically, but whether this statute, Section 8127, requires the VA to do something other than what it has publicly declared that it will do. And the legislative history... This is in the backdrop of the setting where it is established that all the agencies in the government, except perhaps the VA, is obligated to use the federal supply schedule first before turning to other means of competition. Well, the standard set out in the regulations, FAR 8.002, does list the federal supply schedule in the standard order of priority before other commercial sources. But it says within that regulation, except as otherwise provided by law. And the 2006 Veterans Act is a different... But that's the basic argument that your adversary is making against you to say, well, it's hard to believe that Congress meant to turn upside down to remove FSS as the primary contracting source. We think that's exactly what Congress's intent was. Well, that's why you say that because of the word shawl. And changing, and it was a specific deliberate change from the 2003 Act to the 2006 Act, from may to shall. But the other problem with the regulations and the way they've been applied is that the FAR Parts 8 and Part 19 don't apply an exception to this 2006 Veterans Act. The FAR Part 8 exception, which applies to FAR Part 19, FAR Part 19 only applies to certain specified statutes, such as the Small Business Act. It applies to set-asides that apply government-wide, not specifically to the VA as in this Act, and government set-asides that use the word may, such as in the 2003 Veterans Act. There's no similar regulation that would exempt or change or allow FSS priority for the 2006 Veterans Act, this statute, which applies only to the VA and which uses the word shall. In contrast, the other set-asides... On a practical matter, is there a particular impediment or problem for veterans-owned or disabled veteran-owned businesses to qualify as federal FSS contractors? I noticed that the Secretary has made clear that a fairly generous amount of the contracts that are going to veteran-owned businesses are coming off of the federal supply schedule contracts. I was just wondering, is there a particular problem the Secretary in his annual letter has encouraged more veteran-owned businesses to get in the FSS schedule contracting world? There are additional requirements, and I know that there were very few veteran-owned small businesses who were FSS vendors. So the veterans, the small business, the veteran small businesses who are now qualified for the federal supply schedule and who are receiving quite a lot of the contracts are going to be very unhappy if you win this, right? Well, because they will be supplanted if the relative can be satisfied. Those veteran-owned small businesses, whether they're FSS vendors or not, would still be eligible for... Right, if you say the FSS contract, I mean, in your case, the FSS contract could have gone to a veteran-owned business. It could. So what I'm saying is up until now, there are veterans-owned businesses that have participated, and they win a lot of contracts. But if you win this case, they will have to go to the back seat. Well, they won't go to the back... Because they won't be able to come in and offer services under the FSS schedule if the rule of two is met. Well, they won't go to the back seat. They will be one of the businesses eligible to satisfy the rule of two here. They will be one of the veteran-owned small businesses who would be eligible under subsection D. But they won't be eligible to participate under the FSS schedule, which is where they got their listed price, and this is they know exactly what it is they're willing to... But it's just a different contracting machine. They would still have priority as a veteran-owned small business on equal footing... Priority over who? Non-veteran-owned small businesses. And they would be on equal footing with Kingdomware and other veteran-owned small businesses who are looking for the opportunity to bid on these contracts as Congress intended. One last thing I'd like to point out, almost to my rebuttal time, is that for the legislative history, there are several indications that this was Congress's intent. In the committee report accompanying the set-aside provision, it stated the purpose of the statute was that veteran-owned small businesses should routinely be granted a primary opportunity to enter into VA procurement contracts. You remember, this statute is applicable only to the VA. It's not all government agencies. And the purpose from the language of the statute, we argue, and the legislative history was that Congress wanted the VA to set the example for other government agencies by giving this preference to veteran-owned small businesses. In which they've done a pretty good job, considering that they've exceeded their goal, doubled their goal. They've done a better job than historically in the past, but they still haven't been awarding companies like small businesses like Kingdomware, who are veteran-owned. They've gone through a lot of difficulty to become certified as a service to disabled veteran-owned small businesses, and yet they're not being able to take advantage of any of these contracts. It's not difficult to become certified as a small business if you are a small business, right? It is somewhat difficult to become certified as a veteran-owned small business. I know that there was a problem here with your claim, but what's the burden? I mean, the definition of a small business is established, correct? Well, you know, we're talking about small businesses that may just have a couple of employees, and this is a very important part of their business. Going through the contract and the government procedures to become certified as a veteran-owned small business and a service to disabled veteran-owned small business does present a lot of burden for the companies. And then becoming an FSS contractor. I don't know the comparison between the two. I think that Judge Raynham may have a question before you. No, that's fine. Can I, then I have one final question, which is just my own edification. I mean, discussion about floors versus ceiling. I understand the government's position to be, and I'd like to know if you agree, that they say it's a floor, not a ceiling. In other words, there's nothing, the government isn't suggesting that once the VA meets its goals, and as is obligated to do under the statute which says shall, nothing precludes, I don't think the government is saying that anything would preclude the department from continuing to award contracts and using the rule of two. They're just saying it's not required. I think we all agree that the goals in subsection A are a floor, but the trouble with the government's reading is that it changes shall award to may award, and there's no difference. Under the government's reading, there's complete discretion. Well, if the statute said, for purposes of meeting the goals, the department may award contracts, would we not all construe that to mean he has discretion so he doesn't have to? If it said may. Yeah, so there's a big difference, even under the government's reading, of a distinction between may versus shall, right? Well, then at a minimum, the word shall must impose a mandatory obligation at least until the goal is met. Yes, I think the government's saying that. The VA has not applied the statute in that way. It has made clear that it intends to continue applying the FSS before applying the subsection B preference in all cases. Thank you. We'll restore three minutes of rebuttal, and we'll add another five minutes to Mr. Bigler if he needs it. May it please the court, the court should affirm the trial court's decision because when read as a whole, it is clear that the intent of the Veterans Benefits Healthcare Information and Technology Act of 2006, or the 2006 Act, was to give the Department of Veterans Affairs the tools to be the government leader in procurements to small businesses owned by veterans. Counselor, let me see if I understand this correctly. When I look at the legislative history of what we have before us, it seems that Congress is concerned that after years of giving the government discretion to meet the goals, that those goals are not being met at all. And I sense a frustration in Congress that we need to do something different, and we need to make sure that our veterans are honored, and whatever the policy reasons are, and that's why they enacted the 2006 Act, to make sure to put the Veterans Affairs Agency first, and they were going to be the model of meeting the goals. So doesn't that support the reading that this is mandatory? No, it doesn't. It supports our reading, which is that they wanted to give the Department of Veterans Affairs the tools to be the leader, and that's what they've done, and that's worked here. Contracting officers... What's a sharper tool here, though? Is it discretion, or is it mandatory? Well, they have, the contracting officers have, the Secretary sets the goal that contracting officers have discretion throughout the year to use restricted competition to make sure that they meet that goal at the end of the year. But then the Act also gives, in Section 8128, gives priority to veteran-owned small businesses in terms of when there's been a decision to set aside a procurement, veteran-owned small businesses are given priority. And so that also gives the Department of Veterans Affairs a tool, which is to put veterans ahead of other small businesses. Can I see if I understand the government's position here? Because there seem to be two pieces of this, and we didn't get into it too much with Ms. Fletcher. But it seems to me the government, there are two things that are being argued against here. One is whether or not, even once you've met your goal of 12%, you're required to continue for certain contracts, applying the rule of two. There's a second dispute, I think, with regard to the FSS stuff, right? And because, let me say it, and then you can tell me why I'm wrong, that it's, I understand the government's view to be that FSS stuff is just completely off the board, otherwise be the subject of an FSS contract should be put in the school of rule two. Well, it's actually, our argument is more twofold. It is, one, that contracting officers have discretion. They exercise that discretion, one, to meet the goal, but they also exercise that discretion in that they can go to the federal supply schedule without meeting the rule of two. But alternatively, if the court were to find that the statute is ambiguous, then the regulations, and in the preamble to those regulations, they state that this act and these regulations don't apply to the federal supply schedule. So in that regard, the federal supply schedule is separate from the rule of two as applied through the statute. How much weight should we put into that, that the language that you're just citing that's in the preamble is not within the body of the regulations itself? Well, the court considered, this court previously considered whether a preamble is entitled to Chevron deference in a case called Allied Products, but decided not to decide that issue. We believe that in this case, and even while the trial court didn't apply Chevron deference, she used Skidmore, she did recognize that the preamble was promulgated in the context of a rulemaking process. And for that reason, we believe that it is entitled to Chevron deference. For instance, the... And is there anything in the statute that would give you a hook to say that the FSS stuff is out? No, the FSS is not covered by the statute. And it's not, other than the preamble, it's not covered by the regulations either. Wait a minute, your Chevron argument is your alternative argument. You're making a plain meaning argument yourself, correct? Right. We believe... You're arguing that if you interpret the statute, all the words, if you give effect to, for the purposes of achieving, et cetera, you will conclude that your interpretation is the correct interpretation under step one. That's right. And we... You only get to step two if we decide there's ambiguity. That's right. What about the body of law that says pretty clearly that if there are two plausible readings of the statute, you are ambiguous? There's a body of Supreme Court law as well as some laws and cases in our court. Well, in this case, if we look at the first step of the Chevron process, this court previously held in a case called Del Verde versus the United States that you can look beyond just the statute if you can't determine exactly what should have the intent of Congress by looking just at the plain language of the statute. And so we believe in the first step of the Chevron process, the court should also look at the legislative history. Well, I understand what you're saying, but my point is, and this is something that I meant to raise with Ms. Fletcher when she was up, if you say, well, I come to the conclusion where there's a plausible interpretation of the plain meaning of the statute on both sides, it depends on how much weight you're giving to the purposes of achieving the goals, right? And so what I believe that's clear, the Supreme Court has said, well, in the case of the statute, that means the statute is ambiguous, meaning you go to step two. I would agree with that, except that I think in this case, you should look at the legislative history before you go to step two. Why haven't you said that earlier? I know what you mean. And I think the legislative history supports our interpretation that this is a goal-setting statute and not a mandatory statute. But I want to go back to where I started with the point not about the goal versus mandatory, but whether or not FSS stuff is included here. And in that regard, the statute is completely silent, right? That's absolutely correct. But there's nothing to exclude it. You know, we're all, most of us are patent lawyers here. Unfortunately, we're seeing we've got patent law that deals with preamble and what, we've also got broad claims. And when you apply exclusion, why should we say that the VA has the ability to exclude it? They're talking about contracts here. They're talking about contracting officers. Why is not the plain meaning to suggest that if they didn't exclude it, that it's all in here? Well, Kingdomware bases that argument on FAR Part 8.002, which provides for unless otherwise provided by law. And the reason we don't believe that applies here is because this statute, when you read it, isn't clear, just as you said, on its face as to whether it applies to federal supply schedule procurements. Now, it could have been, it could have said that probably would apply if it had said this program applies to federal supply schedule procurements. Or if it had said this applies to every single procurement that Department of Veterans Affairs does. But that's not what it says. It says for the purposes of meeting the goal. If it said notwithstanding, it had a provisional law. Correct, Your Honor. That would have pushed 8.02 out. Yes, Your Honor. I agree with that. So there's just a point of factual information. It'd be useful to me if the government could supply us after the argument with the statistics for each of the fiscal years after 2006. So we know what the goals set by the secretary were with regard to both veterans owned and disabled veterans owned businesses and what the results were at fiscal year end. We'd be happy to do that, Your Honor. I actually looked at the, because this 2010 and 2011 are in the record. 2012, there's a bit of it, but what the secretary has announced, they're showing as a goal with regard to the disabled 3%, which is I believe the SBA goal, not the other goal. So I think that's absolutely right, Your Honor. And if you could give us a tabular column since 2006 coming forward. We'd be happy to do that, Your Honor. The, there's a, there's a specific FSS exemption in the FAR. And when Congress enacted the 2006 act, it did not include that exemption under the statute that we're looking at. Why did it fail to include that exemption? If it wanted it to apply. And if your argument is that it applies. Why did it not address that, that in the statute itself? Correct. We, we don't know why there's no, nothing in the legislative history to show that Congress ever intended or even thought about the federal supply schedule. They were aware of it. They were aware of the exemption. They chose not to include it when they, when they passed 1871. That's true. And that's what the trial court relied upon in that Congress must have been aware of this historical exemption for, from small business set-asides that allows government agencies to go to the FSS before doing a set-aside. And because of that, she found that they, if they wanted to overrule that, or if they wanted to change that, they would have specifically addressed it. I think it was just not just the exemption, but the fact that the priority is such that the agencies are told they go to the FSS first. That's right. So it's not just an exemption. It's a matter of saying someone has established that for the entire government, when you're out buying things, you must go to FSS first. So that's a major component of the overall contracting system. The way I understood the court below is to say it hard for me to believe that Congress meant to exempt, to take it out. Right. That's exactly right, Your Honor. Is that correct, that in all government contracting, that it's mandatory that they go to the FSS? Well, at the time it was, when this was considered in one of these regulations, I think that that, I'm sorry, that FAR provision has changed some since, but at the time it was. And that's what... Still, doesn't 802 still tell you what you have to do? It does, but it's been changed slightly to give some discretion. But it puts the FSS ahead of all commercial sources. That's right, Your Honor. And commercial sources, I believe, are generally understood to include the small businesses as well. That's right, Your Honor. Yes. So, I mean, as I'm, maybe I'm wrong, but as I understood it, even down to this day, the priorities under the FAR are that an agency is supposed to go to the, well, it's actually, you go to stuff made in prisons and a few other things. But in terms of where FSS ranks vis-a-vis commercial sources, ordinary commercial sources, the FSS is on top. That's correct, Your Honor. And that's, I mean, I understand the whole history of creating the FSS was on purpose to find a way to streamline federal purchases for the benefit of the federal government, which would include the VA. Right. And that gives the VA the ability, if they need something quickly, to go to the FSS and they don't have to do a survey. What percentage of the overall expenditures on the VA annually are on FSS? I don't know the answer to that, Your Honor. Does the FSS, are agencies required to apply the rule of two, even if you go to the FSS? No, they, no. Typically, in the small business set-aside, they do not apply the rule of two when they go to the FSS. But how does it work? There are small business, veterans-owned SD or organizations that are qualified FSS contractors, correct? Yes, there are, Your Honor. But they are just, the fact that they're there as a result of having qualified to be FSS contractors as opposed to being there for rule of two purposes? That's exactly right. They're on the- I thought there was a decision of the GO that dealt with ruling of two, rule of two in the FSS setting. Has it been referred to in the district court opinion? I'm not sure what case you're referring to, Your Honor. Pardon the court, the opinion of the court of claims. I'll find it. Go ahead. Well, I just want to concentrate on the legislative history a little bit. Even the legislative history that has been cited by Kingdomware supports our provision and not a mandatory provision. And they rely on a statement by Congressman Boozman. What he says is the bill will essentially change what has been made to shall in terms of goals. So what Congressman Boozman was concerned about was meeting these goals. And in fact, the prior legislation that he had introduced talked about a 9% goal was what he wanted the Department of Veterans Affairs to be the leader and to disable veteran-owned small businesses and veteran-owned small businesses. And he went on and he said, I strongly believe that VA should set the example for the rest of the federal government. And so my bill sets a 9% goal. So what Congress was concerned about was meeting, having, and ultimately the statute was changed to allow the secretary to set the goal, but they wanted a goal that would be set that would be higher than the government-wide goal and that VA would meet that goal and have the tools to meet that goal. They didn't expect VA to give each and every single procurement to a veteran-owned small business when the rule of two was met. The case I had in mind, sir, was Crosstown Courier Service referred to in the opinion of the Court of Federal Claims at page 14 of 35, talking about a GAO case in which they held that the VA may use the FSS first if it undertakes the rule of two analysis. What's that all about? It's at page A-17 in the record, but it's at page 14 of 35 of the opinion of Judge Firestone. Oh, I believe she was simply pointing out that they haven't been completely consistent. Yeah, but how does it work? I mean, what's happening in the VA when it is using the FSS, but it has veterans-owned businesses that are competing? It looks like they're doing a rule of two. They are not using the rule of two when they go to the Federal Supply Schedule. Well, I can get that it's not what the opinion says. GAO held that it may use the FSS first if it undertakes the rule of two analysis in selecting among FSS vendors. Right. They may have done that in that case, but they did not do that in this case. Well, I know they didn't do it in this case. In this case, they said, we can use the FSS and we're going to use the FSS and go to people that are not veterans-owned businesses. Right. And that's their position that's stated in the preamble that this does not apply. I'm just trying to understand what's going on here because I know that a large percentage, I mean, it's basically 12% of the total contracts that went to veterans-owned businesses in fiscal 10 went out on FSS. That's exactly right. They're still sending a significant amount of contracts to veteran-owned businesses through the Federal Supply Schedule. I know it's 6.6 billion in that year. That's right. But they're not doing that through the rule of two typically. Finally, I would just want to conclude by saying that the rule of two applies other than in FSS setting. The Secretary understands that he's burdened by the rule of two for every contract. Over 5 million. No, that's not our interpretation, Your Honor. Until he reaches his goal, right? No, no, no, no. Other than, how do you apply the rule of two? You apply the rule of two only to meet your goal? Well, contracting officers have that in mind as they're going through the year and they use the rule of two. If they want a procurement to go towards the goal and the rule of two is met, then that's what they do. But if they don't want it to go towards the goal... Help me, because I was under the impression that the rule of two was mandatory across all. They always have to do a rule of two analysis unless it was an FSS contract. That's what I understood to be the lay of the land. That's not our interpretation in our brief. Our brief is that... I'm asking about what the current practice is. The current practice is they have generally been going to the rule of two. What does that mean, generally? I'm sorry, I can be more clear. Generally, if they're not doing an FSS procurement, they have been, and the rule of two is met, they've been giving it, setting it aside for a veteran-owned small business. So they ask first whether or not the rule of two can be met. And the contracting officers have a lot of discretion in making that decision, yes or no, correct? Right. Assuming they're not going to use the federal supply schedule and they have one other program, the AbilityOne program, that comes before that. But is the decision to set aside the contract made after the invocation of the rule of two or before? They look at the rule of two, and if it's met, they set the contract aside. That's what I thought. But the contracting officer doesn't sit there and say, well, I don't think this I need to set aside for a small business, period, regardless of whether the rule of two would be met. That's not what they've been doing. That's right. In fact, what you said, if I heard you correctly, is that the contracting officer decides whether a particular procurement is going to be subject to the rule of two. That's our interpretation, but... What's subject to mean? Whether the rule of two will be invoked? If the contracting officer wants the procurement to go towards the goal. What's the criteria that the contracting officer uses to determine that? Well, he's aware of the goal and how the Department of Veterans Affairs is proceeding. Who calls him up and tells him how he's doing? Let's assume you're six months into the fiscal year. You've got a contracting officer in Topeka, Kansas, that wants to let some contracts for the VA hospital there. How does he know how the secretary is doing with regard to meeting that goal in that fiscal year? Well, it's not in the record, but the Department of Veterans Affairs and any agency has the ability to run reports throughout the year to see how they're going on, how they're doing. And that information is fed to every contracting officer? I don't know the answer to that, Your Honor. In order for the contracting officer to make this decision that you say he has the authority to do, that is to say, I don't need to, this one I can, I don't need to worry about small businesses because I know we're going to make our quota some other way. Well, they haven't, as I said, that's not what they've been doing. They've been, if they're not going to the federal supply schedule or the ability one and the rule of two is met, they've been setting it aside for a veteran on small business. But that's inconsistent with what you just told Judge Green a minute ago, which was the contracting officer first decides whether or not to ask about the rule of two. That, that's what, that's what DA has been doing. Well, if that's the case, then rule of two only gets invoked if a decision is made that this is a particular type of contract we'd like to go off on the rule of two, if the rule of two is satisfied. I'm not sure I followed that. Well, it's, the question is, do, do contracting officers laying the FSS to one side and they, they realize I got to buy a bunch of computers and they say that I'm not going to do this on FSS, then do they ask, is, can, will the rule of two be satisfied for this contract? That, that's what they've been doing. In every, in every case. Yes. So whether it's. The goal has clearly already been exceeded. Yes. Even if the goal has been succeeded. Yes. That's correct. So whether they're building a new hospital or buying computers or pencils or what, no, regardless of the subject matter of the contract. That's, that's great. But that's what they're doing. Isn't that what the other side is seeking to have you do by their construction of the term shall? The other, the other side wants it to apply to every single contract, including federal supply chain contracts. They basically want us to take the FSS contracts that are presently, the secretary is saying, if I've met my statute, I can use FSS. They want to say, you can't. You can only use FSS if there's no small business that would satisfy, qualify under the rule of two. That's right. That's what they're saying. So let's go back to the question that, that I put before you. You said that the contracting officer first makes a determination whether to use the rule of two or not. Well, and what I'm asking. That, I'm glad you're asking this judge because. Thank you, judge. What's the basis that the contracting officer decides whether to, to award or to go to the, to the rule of two for a particular, for, for procurement A versus procurement B. Assuming they're not using. And is that in the regulations? Well, assuming they're not using the federal supply schedule, the federal, the federal government is looking at whether or not the rule of two is met. And if it's met, they set that contract aside. I'm going back a little bit before that, when you said that the contracting officer makes a determination, whether they're going to go to the rule of two or not, whether they're going to utilize it. And my question to you is what's the basis. And I'm going to lead up with what's the authority, the regulatory authority that the contracting officer relies on in order to determine whether they're going to use a rule of two or not. The statute and the regulation are, are similar in that they say that you shall award these contracts to meet the goal. And I guess I'm, maybe I don't understand the question, I'm sorry. It comes up because of your, you made an explication and then I asked you a question, maybe I got you confused. It was, it was my understanding that the way, if you're not, if you just take the FSS and forget about it, so you got contracts that are not FSS, my understanding was that in the VA, what happens is the contracting officer, when he, whatever the contract is, he says, would the rule of two be set? Can the rule of two be satisfied here? The contracting officer. Right. And he, and he has a lot of discretion to decide yes or no. And if he decides the rule of two can be satisfied there, then he sets aside the contract and he puts it out for a rule of, for analysis on price, right? So he doesn't have any discretion to say, I'm not even going to pay attention to the rule of two. That's how they've been, that's how the VA has been. That's what I understood you to say. But something you had said earlier in making the explication suggested both to me and to Judge Reyna, I believe that you said, well, the contracting officer can decide whether or not to invoke the rule of two. Whether or not to invoke it. Right. And that was in the context of whether or not the contracting officer wanted that procurement to go towards meeting the goal. So are you telling me that after the secretary has met the goal, he no longer has to pay any attention to the rule of two? No, that's, no, that's not, that's not what I'm saying. I'm saying that... You still got me, I don't know about Judge Reyna, you still got me confused about when it is that the rule of two doesn't apply for getting FSS contracts. Well, under the statute, it... Not that the rule of two applies, when it isn't, when it isn't put up to determine whether it applies. Under, under the plain language of the statute and under the legislative history, they were, the intent of Congress, we believe, was to give contracting officers the discretion to set contracts aside if the rule of two is met, if they want that contract to go for a goal, towards the goal that the secretary has set. But what the, as my understanding, and unfortunately it's not in the record because we did this on stipulated facts, but what the VA is actually doing is, if they're not doing a federal supply schedule procurement, what the contracting officers do is they determine if the rule of two has been met, if it has been met, they set that aside for the veteran-owned small businesses. Well, in your red brief, you say on page 16, you say, that is the 2006 Act mandates that if the contracting officer determines in his or her discretion that a specific procurement shall be set aside to meet the goal by the secretary, then that acquisition must be awarded through restricted competition. And your comments, your arguments today, and what you've been telling us, that the contracting officer exercises the discretion whether to award a particular procurement or not, or I mean, to have it subject to the rule of two. Isn't that exactly what Congress was looking at when they took away that discretion from the contracting officer and said, you must use a rule of two in all your procurements, but that doesn't mean that the ultimate procurement has to go to a set-aside, does it? I mean, there's further discretion in the process. I think I understand what your question is. They look at the rule of two, but then they can still exercise discretion and decide not to give it to them. That would be another reasonable interpretation under the statute, because the statute doesn't specifically... But you agree that that's a very valid interpretation. I would agree that that's a reasonable interpretation. And isn't that your opponent's argument, that Congress said, you must apply the rule of two in all procurements, and then you have the discretion later on to actually award the contract or not, but you've got to apply the rule of two. But that would end up in the same spot, I think, in that you would, if the contracting officer looks at the rule of two and decides that he doesn't want this procurement to go there, even though the rule of two is met, he can still go to the federal supply schedule, or he could still go somewhere else. So I don't know that that would really change anything as far as... Wait a minute, you're saying that a contracting officer can invoke the rule of two, find that there are more than two veterans-owned businesses that are capable of doing this, and he makes a satisfaction, and he satisfies himself on price, yet nonetheless, he doesn't award the contract that way. I would simply agree that... There are cases, all kinds of GAO cases, where contracting officers have been under pressure when they decide that the rule of two is satisfied, but nonetheless, refuse to award the contract under the rule of two. I understand. I was just saying that that's a reasonable interpretation, given that the statute doesn't address that situation. I really am more confused than I ever was. So let me just ask you, going back to the sentence called out in the brief by Judge Raynaud, that sentence says, to meet the goal. So, assume you've met the goal. I mean, I understand you're saying that the VA voluntarily continues to do that when it thinks that the contract might be appropriate for rule of two, but is it the government's position that once the secretary has met his goal, and let's say he's pretty satisfied based on the forecast that he's going to be able to meet his goal, or he's already exceeded his goal, that under the statute, the contracting officer is compelled to use the rule of two, not FSS, but another contract, that they are compelled to use the rule of two with respect to all of those other contracts having met the goals, or that this is just something that they do at their own volition? No, what you said was they've voluntarily been doing it, but the statute, in our view, doesn't require it. It gives them discretion to set aside procurements to make sure that they meet the goal, and not to set aside procurements if they don't need them to meet the goal. So, it's mandatory up to the point that the goal is met, and after that, it's not mandatory? Well, that would have the problem of a lot of contracts being awarded to veterans on small business at the beginning of the year, and that's not, we don't believe that's the intent of the act. The intent is that they... That's your position. That's what you just told us. No, the intent is that they would meet it at the end of the year, and that they can, and that they keep an eye on that throughout the year, and they attempt to meet it, and they have, and they've exceeded it by the end of the year, but not that they would have to give every single contract at the beginning of the year. But you say that's your take on what the secretary is authorized to do under the statute, but in practice, you're telling us that with respect to all contracts other than FSS contracts, the contracting officer asks whether the rule of two can be satisfied. That's correct. That's what they've been doing voluntarily. That's right. One final comment, because we're way over. I would just conclude by saying that when you read the statute and the legislative history, it's clear that the intent of Congress was to make the Department of Veterans Affairs a leader in these awards to veterans on small businesses, and it's in the record that roughly 20% of their contracts have gone to service-disabled veteran-owned small businesses. And so the intent of Congress has been met, and for that reason, this court should affirm the trial court's holdings. Thank you. Thank you. Now, a very long time ago, I tried to even it out by giving back your rebuttal, and now we've gone over 10 minutes, so you started with three, and you're up to 13 minutes, if you need. We don't really want to give him to you, but you've got 13 minutes. I'll try to be brief. As we understand the government's argument, the government is saying that the contracting officer has complete discretion in deciding whether and when to apply the rule of two and the set-aside in subsection D, and we think that is just contrary to the plain language of the statute. I'm not sure fairly, and I wouldn't interrupt you unless you had all this great time, but I think I understood that as long as they meet the goal, I mean, you know, he's not saying they don't have to meet the goal. In other words, they don't have the discretion to not meet the goal. There's nothing in the record indicating that contracting officers are actually looking at whether the goals are met and deciding whether to set aside contracts. There's nothing in the record that they're not either. Well, in this particular case. Rule of two that we're talking about is not what this case is all about. The case is about the FSS schedule. Well, there's nothing in the record to know one way or the other. I understand, but I mean, the panel, I believe, would like to know more about how all of this thing is operating. I mean, maybe a little confused now, but what's at stake in this case is whether or not the secretary is required to bypass the federal supply schedule as a result of the statute, and whether or not there's a regulation here, whether it's invalid as a result of the 2006 statute. Right. And our argument is that the contracting officer may not go directly to the FSS  the exceptions that do allow the FSS to come first don't apply here for the reasons I've explained earlier. But what I'd like to do is go to the implementing regulations for this particular statute, the VAR, V-A-R-R, 819.7005. These are the implementing regulations and they have... How much? It's 48 CFR 819.7005. 819? Yes. And they're not cited in the brief, are they? They are. 48 CFR 8.19 is not in my... No, 819.7005. Page 17 on the... Okay. Okay. And cited at page 48 of our opening brief. These are the implementing regulations for the set-aside provision of subsection D, and they, like the statute, say that the contracting officer shall set aside an acquisition for better-known small businesses when the rule of two is met. But importantly, there's no reference in the implementing regulations to goals or to meeting the goals set by the secretary. The language from the statute of for purposes of meeting subsection A's goals is not in the implementing regulations that the contracting officers are following. But that doesn't deal necessarily with the FSS issue. No, this is the separate issue of meeting the goals of subsection A. There's nothing in the implementing regulations that suggest that the contracting officer has to make a determination about whether the secretary's goals have been met for the year or not. There's nothing in our record of whether contracting officers are actually looking at the goals and using set-asides to meet those goals. And in our particular case for Kingdomware, there was no effort made by the contracting officer to determine whether any goals have been met or not met. No effort made to determine whether the rule of two had been satisfied. The contracting officer simply went straight to the FSS. And we submit that is an inappropriate use of discretion that's simply not allowed in the 2006 Veterans Act. Finally, I'd just like to add that to the extent there is any ambiguity in the statute, we would argue that the legislation should be construed liberally to support the veterans as has been done by this court in cases like Burgenfield-Shinseki. If there are no further questions, we ask that the claims court's decision be reversed. Thank you. We thank both parties for the cases today.